UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DUSTIN H. RAKER,

     Plaintiff,

v.                                         Case No. 4:20cv335-WS-HTC

THE STATE OF FLORIDA, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed an amended complaint in this action, seeking to assert claims under 42 U.S.C. § 1983 arising out of pending state court criminal cases. ECF Docs. 1, 9. Plaintiff paid the $400.00 filing fee, and the amended complaint is now before the Court for preliminary screening under 28 U.S.C. § 1915A. For the reasons that follow, the undersigned respectfully recommends that this action be DISMISSED without prejudice for Plaintiff's failure to disclose his complete litigation history and failure to state a claim upon which relief may be granted. Notably, Plaintiff's claims are barred by the *Younger* doctrine,[1] and Plaintiff seeks an impermissible writ of mandamus directed at state officials, which this Court has no jurisdiction to grant.

---

[1] *See Younger v. Harris*, 401 U.S. 43 (1971).

## I.    STANDARD OF REVIEW

Because Plaintiff is an inmate seeking relief against governmental employees, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## II.    FAILURE TO DISCLOSE

As an initial matter, this action should be dismissed because of Plaintiff's failure to disclose. "A plaintiff's affirmative misrepresentation regarding [his] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under . . . § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Plaintiff initiated this action by filing a handwritten civil rights complaint on or about June 29, 2020. ECF Doc. 1. The complaint was not on this Court's required forms and did not include the disclosures required by the Court's forms. Thus, the Court directed Plaintiff to file an amended complaint.

As directed, Plaintiff filed his amended complaint on this Court's official form for § 1983 actions by *pro se* prisoners. ECF Doc. 9. At the end of the amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 12–13. Despite that declaration, Plaintiff made a false representation in the amended complaint.

Section VIII of the amended complaint, titled PRIOR LITIGATION, specifically asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 11. The complaint form requires Plaintiff to identify and describe any and all prior actions responsive to the question. Plaintiff checked "NO" and wrote "other than this action"; he did not identify any other lawsuits on this section of the form. *Id.* Thus, Plaintiff swore that, when he signed his amended complaint on July 28, 2020, he had not filed any prior actions, other than a habeas corpus petition,[2] in federal court challenging his conviction or relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff signed his amended

---

[2] In a prior section of the amended complaint, Plaintiff disclosed a habeas corpus petition that he filed before initiating the current action.

complaint, Plaintiff had filed at least one (1) undisclosed, prior federal action relating to the conditions of his confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his amended complaint on July 28, 2020, he had filed under his name and Georgia Department of Corrections identification number (1000878406) the following case, which he failed to disclose to the Court:

> *Raker v. Georgia Department of Corrections, et al.*, No. 5:20cv53-LGW-BWC (N.D. Fla. filed May 11, 2020)—Plaintiff alleges a violation of his civil rights due to the allegedly unsanitary conditions of his confinement during the Covid-19 pandemic.

Plaintiff did not disclose this federal action despite the complaint form's clear instructions. Moreover, it would be difficult for Plaintiff to contend that he was unaware or forgot about this other action, considering it was filed less than three (3) months prior to Plaintiff's amended complaint (ECF Doc. 9) in this case.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or

responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff made a false representation in his amended complaint, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 9 at 12 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See, e.g*, *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding prisoner's failure to disclose previous

federal lawsuit constituted abuse of the judicial process warranting dismissal, and prisoner's misrepresentation was not excused by his explanation that he misunderstood the complaint form); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case). Moreover, because this is a recommendation of dismissal without prejudice, Plaintiff will not be prejudiced from bringing his claims in a new action.

## III.   FAILURE TO STATE A CLAIM

As an additional ground for dismissal, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff is a state prisoner currently incarcerated at the Ware State Prison in Waycross, Georgia. In his amended complaint,[3] Plaintiff sues Erika Buckley, a former employee of the Wakulla County Sheriff's Office; Jackie L. Fulford, a former circuit court judge, State Attorney Brian D. Miller, Circuit Court Judge Ronald W. Flury, and Wakulla County Sheriff Jared Miller. He also names the State of Florida in the case style but does not reference the State in the "parties" section or body of the amended complaint. ECF Doc. 9 at 2–4. Plaintiff states he is suing Defendants in their official capacities. *Id.* at 4.

---

[3] Although the amended complaint is the operative pleading, Plaintiff incorporates the allegations from his original complaint into his amended complaint. Thus, the undersigned considered both complaints for purposes of this report and recommendation. *See Hourani v. Mirtchev*, 943 F. Supp. 2d 159, 171 (D.D.C. 2013), *aff'd*, 796 F.3d 1 (D.C. Cir. 2015) ("The Court may consider the original Complaint and Plaintiffs' other filings, including sworn statements, in evaluating the Amended Complaint [on a MTD].").

Plaintiff alleges that Buckley and her husband (who is not a defendant) "orchestrated alleged criminal charges" against him. ECF Doc. 1 at 2. Plaintiff contends that their conduct resulted in criminal actions being filed against him in Wakulla County Circuit Court, and Plaintiff identifies case numbers 12-CF-59, 60, 70, and 71. ECF Doc. 1 at 3. He takes issue with the lack of activity in these pending criminal actions. *See* ECF Doc. 1 at 12–22. It appears these cases have not reached final disposition, however, because after they were filed, Plaintiff was convicted on state charges in Georgia, where he has been incarcerated since August 20, 2012. *See* ECF Doc. 9 at 5. Regardless, Plaintiff alleges that these pending cases negatively affect his parole opportunities and that his due process rights have been violated. *See* ECF Doc. 1 at 6.

Based on these allegations, Plaintiff's claims fail as a matter of law for two reasons.[4] First, this case is barred by the *Younger* doctrine. Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain when adjudication of a litigant's claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown

---

[4] Additionally, although it does not appear that Plaintiff is seeking any monetary damages from these Defendants, the defendant judge, former judge, and state attorney are absolutely immune from damages under § 1983. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (noting that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); ***Error! Main Document Only.****Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273) (discussing prosecutorial immunity).

that he will suffer irreparable injury. *Boyd v. Georgia*, No. CV 112-042, 2012 WL
2862157, at *1 (S.D. Ga. May 14, 2012), *report and recommendation adopted*, No.
CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F. App'x 915
(11th Cir. 2013). In his amended complaint, Plaintiff requests that this Court
intervene in these actions by, *inter alia*, ordering discovery and setting jury trials so
that the cases may reach final dispositions. *See* ECF Doc. 9 at 7–8. Thus, there can
be no question that *Younger* applies, as Plaintiff explicitly asks this Court to interfere
with the state court proceedings. *See Younger*, 401 U.S. at 43 ("Since the beginning
of this country's history Congress has, subject to few exceptions, manifested a desire
to permit state courts to try state cases free from interference by federal courts.").

Second, Plaintiff's request for relief amounts to an improper petition for writ
of mandamus aimed at state officials, which this Court has no jurisdiction to grant.
While the law is settled that federal district courts have original jurisdiction over any
action in the nature of mandamus to compel an officer or employee of the United
States or one of its agencies to perform a specific duty, 28 U.S.C. § 1361, federal
courts are without jurisdiction to issue writs compelling action by state officials in
the performance of their duties where mandamus is the only relief sought. *Russell
v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973).[5]

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before
the close of business on September 30, 1981.

It makes no difference that Raker did not style his request as a petition for writ of mandamus; a request for an order that is directed to a state court and compels the state court to act on a pending matter should be treated as a petition for writ of mandamus and denied. *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (holding that because the defendants named in the state prisoner's complaint were not officers or employees of the United States or any agency thereof, the district court lacked jurisdiction to grant the mandamus relief the prisoner requested). Accordingly, Plaintiff's claims fail as a matter of law.

## IV.    CONCLUSION

For the reasons set forth above, the undersigned recommends this action be dismissed. Also, because Raker cannot assert any set of facts that would state a claim in this case, the undersigned recommends that dismissal—rather than a chance to amend—is appropriate, as an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) (concluding that "district courts need not permit amendment where it would be futile to do so"). Moreover, a *sua sponte* dismissal is appropriate in this case because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate

notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is respectfully RECOMMENDED that:

1.      This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to state a claim.

2.      The clerk be directed to close the file.

Done in Pensacola, Florida, this 25th of August, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.